**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

CRIMINAL NO.: 5:25-CR-50083-001 USA v. SILAS SMITH

| COURT PERSONNEL: | | APPEARANCES: |
|---|---|---|
| Judge: | TIMOTHY L. BROOKS | Govt.: TYLER WILLIAMS |
| Clerk: | BARET BELL | Deft.: KEVIN LAMMERS |
| Reporter: | REBECCA ROSS | |

## <u>SENTENCING MINUTE SHEET</u>

On this date the above named Defendant appeared in person and with counsel for sentencing.

(X) Inquiry made whether Defendant is under the influence of any substance that would impair the ability to comprehend the proceedings.

(X) Inquiry made that Defendant is satisfied with counsel.

(X) Court determined that Defendant and counsel have had opportunity to read and discuss presentence investigation report.

(X) Presentence investigation report reviewed in open court.

(X) Court expresses final approval of plea agreement.

(X) Attorney for Government afforded opportunity to make statement to Court.

(X) Counsel for Defendant afforded opportunity to speak on behalf of Defendant.

(X) Defendant afforded opportunity to make statement and present information in mitigation of sentence.

CRIMINAL NO.: 5:25-CR-50083-001

(X) Court proceeded to impose sentence as follows:

108 months imprisonment; 20 years supervised release; no fine imposed. Restitution will be determined at a later time.

(X) Defendant ordered to comply with standard conditions of supervised release.

(X) Defendant ordered to comply with the special conditions of supervised release set forth in the Judgment, as well as:

1. The Defendant shall have no unsupervised contact with minors.

2. The Defendant shall have no contact with the victims in this case.

3. The Defendant shall submit his person, residence, place of employment, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner based upon a reasonable suspicion that a violation of any condition of supervised release might thereby be disclosed.

4. Except for purposes of employment (when the Defendant is working on his employer's premises using his employer's computers and devices), the Defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photograph storage capabilities without prior advance notice and approval of the U.S. Probation Office. Reasonable requests by the Defendant for such approval should not be denied, provided that the Defendant allows the U.S. Probation Office to install Internet monitoring software, the Defendant pays for the software, and Defendant submits to random searches of his computers, electronic devices, and peripherals.

5. The Defendant shall participate in a sex offense-specific treatment program. The Defendant shall pay the costs of the program if financially able.

6. The Defendant shall submit to inpatient or outpatient mental health testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

7. The Defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

8. The Defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the Defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office.

9. The Defendant shall not purchase, possess, or consume alcohol.

(X) Defendant ordered to pay a total special assessment of $100.00, which shall be due immediately.

(X) Count 2 dismissed on motion by the Government.

(X) Defendant advised of appeal rights.

(X) Defendant remanded to custody of USMS.

DATE: September 21, 2026 Proceeding began: 10:33 am

ended: 11:50 am